IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Robert J. Marshall, Individually and as Trustee of the HWO Trust,** § § § | |
| Plaintiff, § | |
| v. § | |
| § | CASE NO: 1:13-cv-00502 |
| **Internal Revenue Service,** § § | |
| Defendant. § § | |

## COMPLAINT FOR DECLARATORY RELIEF
## UNDER THE FREEDOM OF INFORMATION ACT

Robert J. Marshall ("Plaintiff") files this Complaint for Declaratory Relief individually and as the Trustee of the HWO Trust against the Internal Revenue Service ("Defendant"). Plaintiff alleges as follows:

### I.     PRELIMINARY STATEMENT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant.

### II.     PARTIES

2. Plaintiff is an individual residing in Round Rock, Texas.

3. Plaintiff is also the Trustee of the HWO Trust, whose principal place of business is at 30 Wadley Place, Building B, Austin, Texas 78728.

4. Defendant is a component entity of the U.S. Department of Treasury, an agency within the meaning of 5 U.S.C. § 552(f). Defendant has possession, custody and control of the documents Plaintiff seeks.

### III.     JURISDICTION AND VENUE

5.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

6.     Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides and has his principal place of business within this district.

### IV.     BACKGROUND

7.     By letter dated August 14, 2012, Plaintiff submitted his FOIA request to Defendant for "documents referring to or referencing [Plaintiff] for tax years 1996 through 2012" including "tax returns, return information, records of any investigations, examinations and/or any other information-gathering activities carried out by agents of the Internal Revenue Service concerning [Plaintiff]."  A copy of the request is attached as Exhibit 1.

8.     By separate letter dated August 14, 2012, Plaintiff, as Trustee of the HWO Trust, submitted a FOIA request to Defendant for "documents referring to or referencing [the HWO Trust] for tax years 1996 through 2012" including "tax returns, return information, records of any investigations, examinations and/or any other information-gathering activities carried out by agents of the Internal Revenue Service concerning [the HWO Trust]."  A copy of the request is attached as Exhibit 2.

9.     Defendant responded to the aforementioned FOIA requests in a letter dated November 14, 2012, which stated: "Of the 4713 pages located in response to you request, I am enclosing 1473 pages.  I am withholding 166 pages in part and 3074 pages in full . . . ."  Defendant's letter indicated that the following FOIA exemptions were relied upon to withhold

responsive information from Plaintiff: (i) 5 U.S.C. § 552(b)(3); (ii) 5 U.S.C. § 552(b)(5); (iii) 5 U.S.C. § 552(b)(7)(A); and (iv) 5 U.S.C. § 552(b)(7)(C). Defendant's letter did not provide any information regarding the types of documents withheld under each exemption or any statements explaining why a particular withheld document was subject to the asserted exemption. A copy of Defendant's response is attached as Exhibit 3.

10. By letter dated December 19, 2012, Plaintiff timely appealed to the office of IRS Appeals Defendant's partial denial of Plaintiff's FOIA requests. A copy of Plaintiff's appeal letter is attached as Exhibit 4.

11. By letter dated January 18, 2013, Defendant denied Plaintiff's appeal. A copy of Defendant's letter denying Plaintiff's appeal is attached as Exhibit 5.

12. Plaintiff has exhausted all applicable administrative remedies with respect to Plaintiff's FOIA requests.

### V. BASIS FOR DECLARATORY RELIEF

13. Plaintiff repeats and re-alleges paragraphs 1-12.

14. Plaintiff properly requested documents and materials within the possession, custody and control of Defendant.

15. Plaintiff is entitled by law to access the documents and materials requested.

16. Exemptions to disclosure under FOIA are explicitly limited by statute and should be construed narrowly. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).

17. Defendant failed to provide Plaintiff with an assurance of compliance with FOIA's segregability requirement under 5 U.S.C. § 552(b).

18. Defendant failed to provide Plaintiff with information regarding the custodian and recipients of each withheld document.

19.     Defendant failed to sufficiently identify the withheld documents, provide a description of information contained in each withheld document or explain why the asserted exemptions justified withholding the document. As a result, Plaintiff was deprived of the ability to determine the validity of Defendant's claimed exemptions.

20.     Defendant waived any basis for exempting or redacting information by failing to provide a detailed justification for its refusal to disclose the requested documents and materials, providing nothing more than general, conclusory statements.

## VI.     BURDEN OF PROOF

21.     Defendant has the burden to prove *de novo* that the requested information is exempt from disclosure. 5 U.S.C. § 552(a)(4)(B).

## VII.    PRAYER

Plaintiff respectfully prays that this Court:

A.     Enter an order declaring that Defendant failed to satisfy any claimed exemptions under FOIA and requiring Defendant to immediately provide all requested information and materials to Plaintiff;

B.     Award Plaintiff his costs and reasonable attorneys fees in this action; and

C.     Grant other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By:     /s/ Charles M. Meadows, Jr.
        Charles M. Meadows
        Texas State Bar No. 13886700
        Stephen A. Beck
        Texas State Bar No. 24006821

MEADOWS, COLLIER, REED
COUSINS, CROUCH & UNGERMAN, L.L.P.
901 Main Street, Suite 3700
Dallas, TX  75202

                (214) 744-3700 Telephone
                (214) 747-3732 Facsimile
                cmeadows@meadowscollier.com
                sbeck@meadowscollier.com

Dated:  June 14, 2013       ATTORNEYS FOR PLAINTIFFS