# MEADOWS, COLLIER, REED, COUSINS, CROUCH & UNGERMAN, L.L.P.

ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowscollier.com

**STEPHEN A. BECK**
Partner

FAX (214) 747-3732
WATS (800) 451-0093
sbeck@meadowscollier.com

August 14, 2012

Internal Revenue Service
Disclosure Scanning Operation - Stop 93A
Post Office Box 621506
Atlanta, Georgia 30362-3006

*CMRRR#70113500000016734532*

Re:   Freedom of Information Act Request – Tax Years 1996 – 2012
      Dr. Robert J. Marshall, Ph.D, C.C.N.

Dear Sir or Madam:

Pursuant to the Freedom of Information Act, as amended (5 U.S.C. §552), and in conjunction with the Privacy Act (5 U.S.C. §552(a)), this letter serves as a formal request on behalf of Dr. Robert J. Marshall (the "Taxpayer"), for access to and reproduction of all documents referring to or referencing the Taxpayer for tax years 1996 through 2012.

Topically, this request includes, *but is not limited to*, tax returns, return information, records of any investigations, examinations and/or any other information-gathering activities carried out by agents of the Internal Revenue Service concerning the Taxpayer. Substantively, this request includes, *but is not limited to*, the following:

1.   Any statements, correspondence, reports, letters, notices, or documents of whatever kind comprising "Returns" and "Return Information" (as defined by § 6103 of the Internal Revenue Code) on the Taxpayer for the taxable years ended 1996 through 2012.

2.   All relevant files and their contents.

3.   Any relevant revenue agents', revenue officers', or other IRS personnel's reports, notes, or correspondences.

4.   Any relevant witness interview forms and transcripts of witness interviews.

5.   The identities of the persons contacted by the Internal Revenue Service relating to the Taxpayer.



**EXHIBIT**

1

Internal Revenue Service
Disclosure Scanning Operation - Stop 93A
August 14, 2012
Page 2

6.  Any requests made to third parties for information and/or documents concerning the Taxpayer and any relevant documents and information obtained from any third parties;

7.  Any other relevant statements, correspondences, reports, letters or documents of whatever kind.

If you determine that some portions of the requested materials are exempt, it is expected that you will nonetheless provide the remaining segregable nonexempt portions. Further, if all or any part of this request is denied, preparation of a "Vaughn Index" is requested, indexing each record or portion thereof encompassed by this request which is not being disclosed. Such index should contain a description of the document or document segment being withheld as well as a description of the statutory exception relied on as a basis for that action and an explanatory statement concerning the applicability of said exception. The right to appeal any decision to withhold information is expressly reserved, and it is expected that you will list the address and office where such appeal can be sent.

The law firm of Meadows, Collier, et. al. agrees to pay all reasonable costs. If, however, such costs exceed $500, please provide us with an estimate of the fees to be charged and the opportunity to review the records to select those that are necessary to copy.

As provided by the Freedom of Information Act, a reply to this request is expected within twenty (20) working days. If further information is necessary to process this request, please contact the undersigned at (214) 749-2401. The undersigned has been retained as legal counsel and is authorized to receive material disclosed pursuant to this request and further information. A Power of Attorney duly executed by the Taxpayer commemorating such authorization is enclosed.

Please send your reply to this request to the undersigned at 901 Main Street, Suite 3700, Dallas, Texas 75202.

Yours very truly,

Stephen A. Beck

421224

| Form **2848** | **Power of Attorney** | OMB No. 1545-0150 |
|---|---|---|
| (Rev. March 2012)<br>Department of the Treasury<br>Internal Revenue Service | **and Declaration of Representative**<br>▶ Type or print. ▶ See the separate Instructions. | For IRS Use Only |

| | | Received by: |
|---|---|---|
| | | Name |
| | | Telephone |
| | | Function |
| | | Date / / |

**Part I**   **Power of Attorney**

**Caution:** *A separate Form 2848 should be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1   Taxpayer Information.** Taxpayer must sign and date this form on page 2, line 7.

Taxpayer name and address

Robert J Marshall, Ph.D., C.C.N.
3328 Vintage Dr.
Round Rock, TX 78664

| Taxpayer identification number(s) |
|---|
| Daytime telephone number | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2   Representative(s)** must sign and date this form on page 2, Part II.

Name and address Charles M. Meadows, Jr.
Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP
901 Main Street, Suite 3700
Dallas, Texas 75202
Check if to be sent notices and communications [x]

CAF No. 7800-48262R
PTIN P01352481
Telephone No. 214-744-3700
Fax No. 214-747-3732
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address Stephen A. Beck
Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP
901 Main Street, Suite 3700
Dallas, Texas 75202
Check if to be sent notices and communications [x]

CAF No. 0303-66414R
PTIN P01347509
Telephone No. 214-744-3700
Fax No. 214-747-3732
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

CAF No.
PTIN
Telephone No.
Fax No.
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

to represent the taxpayer before the Internal Revenue Service for the following matters:

**3   Matters**

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, etc.) (see instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions for line 3) |
|---|---|---|
| Income Tax | 1040 | 1996-2012 |
| | | |
| | | |

**4   Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Uses Not Recorded on CAF ............................................. ▶ ☐

**5   Acts authorized.** Unless otherwise provided below, the representatives generally are authorized to receive and inspect confidential tax information and to perform any and all acts that I can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The representative(s), however, is (are) not authorized to receive or negotiate any amounts paid to the client in connection with this representation (including refunds by either electronic means or paper checks). Additionally, unless the appropriate box(es) below are checked, the representative(s) is (are) not authorized to execute a request for disclosure of tax returns or return information to a third party, substitute another representative or add additional representatives, or sign certain tax returns.

☐ Disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Signing a return; _____

☐ Other acts authorized: _____

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Treasury Department Circular No. 230 (Circular 230). An enrolled retirement plan agent may only represent taxpayers to the extent provided in section 10.3(e) of Circular 230. A registered tax return preparer may only represent taxpayers to the extent provided in section 10.3(f) of Circular 230. See the line 5 instructions for restrictions on tax matters partners. In most cases, the student practitioner's (level k) authority is limited (for example, they may only practice under the supervision of another practitioner).

List any specific deletions to the acts otherwise authorized in this power of attorney:

_____

_____

Form 2848 (Rev. 3-2012)                                                                                    Page **2**

6   **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of
    attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you do not
    want to revoke a prior power of attorney, check here ............................................................................. ▷ ☐
    **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

7   **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, the husband and wife must each file a separate power
    of attorney even if the same representative(s) is (are) being appointed. If signed by a corporate officer, partner, guardian, tax matters partner,
    executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the
    taxpayer.

    ▷ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED TO THE TAXPAYER.**

| | | |
|---|---|---|
| _(signature)_ | 8/13/12 | |
| Signature | Date | Title (if applicable) |
| Robert J Marshall, Ph.D., C.C.N. | | |
| Print Name | PIN Number | Print name of taxpayer from line 1 if other than individual |

| **Part II** | **Declaration of Representative** |
|---|---|

Under penalties of perjury, I declare that:

• I am not currently under suspension or disbarment from practice before the Internal Revenue Service;

• I am aware of regulations contained in Circular 230 (31 CFR, Part 10), as amended, concerning practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

a   Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

b   Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c   Enrolled Agent—enrolled as an agent under the requirements of Circular 230.

d   Officer—a bona fide officer of the taxpayer's organization.

e   Full-Time Employee—a full-time employee of the taxpayer.

f   Family Member—a member of the taxpayer's immediate family (for example, spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

g   Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).

h   Unenrolled Return Preparer—Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.

i   Registered Tax Return Preparer—registered as a tax return preparer under the requirements of section 10.4 of Circular 230. Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.

k   Student Attorney or CPA—receives permission to practice before the IRS by virtue of his/her status as a law, business, or accounting student working in LITC or STCP under section 10.7(d) of Circular 230. See instructions for Part II for additional information and requirements.

r   Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

   ▷ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE
   RETURNED. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN LINE 2 ABOVE.** See the instructions for Part II.

**Note:** For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column. See the instructions for Part II for more information.

| Designation—Insert above letter (a-r) | Licensing jurisdiction (state) or other licensing authority (if applicable) | Bar, license, certification registration, or enrollment number (if applicable). See instructions for Part II for more information. | Signature | Date |
|---|---|---|---|---|
| a & b | Texas | 13886700 | _(signature)_ Charles M. Meadows, Jr. | 8-14-12 |
| a | Texas | 24006821 | _(signature)_ Stephen A. Beck | 8/14/12 |

Form **2848** (Rev. 3-2012)

# MEADOWS, COLLIER, REED, COUSINS, CROUCH & UNGERMAN, L.L.P.

ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowscollier.com

**STEPHEN A. BECK**
Partner

FAX (214) 747-3732
WATS (800) 451-0093
sbeck@meadowscollier.com

August 14, 2012

Internal Revenue Service
Disclosure Scanning Operation - Stop 93A
Post Office Box 621506
Atlanta, Georgia 30362-3006

*CMRRR#70113500000016734761*

Re:    Freedom of Information Act Request – Tax Years 1996 – 2012
       HWO Trust

Dear Sir or Madam:

Pursuant to the Freedom of Information Act, as amended (5 U.S.C. §552), and in conjunction with the Privacy Act (5 U.S.C. §552(a)), this letter serves as a formal request on behalf of the HWO Trust (the "Taxpayer"), for access to and reproduction of all documents referring to or referencing the Taxpayer for tax years 1996 through 2012.

Topically, this request includes, *but is not limited to*, tax returns, return information, records of any investigations, examinations and/or any other information-gathering activities carried out by agents of the Internal Revenue Service concerning the Taxpayer. Substantively, this request includes, *but is not limited to,* the following:

1.    Any statements, correspondence, reports, letters, notices, or documents of whatever kind comprising "Returns" and "Return Information" (as defined by § 6103 of the Internal Revenue Code) on the Taxpayer for the taxable years ended 1996 through 2012.

2.    All relevant files and their contents.

3.    Any relevant revenue agents', revenue officers', or other IRS personnel's reports, notes, or correspondences.

4.    Any relevant witness interview forms and transcripts of witness interviews.

5.    The identities of the persons contacted by the Internal Revenue Service relating to the Taxpayer.



**EXHIBIT**

tabbies®

2

Internal Revenue Service
Disclosure Scanning Operation - Stop 93A
August 14, 2012
Page 2

6.     Any requests made to third parties for information and/or documents concerning the Taxpayer and any relevant documents and information obtained from any third parties;

7.     Any other relevant statements, correspondences, reports, letters or documents of whatever kind.

If you determine that some portions of the requested materials are exempt, it is expected that you will nonetheless provide the remaining segregable nonexempt portions.  Further, if all or any part of this request is denied, preparation of a "Vaughn Index" is requested, indexing each record or portion thereof encompassed by this request which is not being disclosed.  Such index should contain a description of the document or document segment being withheld as well as a description of the statutory exception relied on as a basis for that action and an explanatory statement concerning the applicability of said exception.  The right to appeal any decision to withhold information is expressly reserved, and it is expected that you will list the address and office where such appeal can be sent.

The law firm of Meadows, Collier, et. al. agrees to pay all reasonable costs.  If, however, such costs exceed $500, please provide us with an estimate of the fees to be charged and the opportunity to review the records to select those that are necessary to copy.

As provided by the Freedom of Information Act, a reply to this request is expected within twenty (20) working days.  If further information is necessary to process this request, please contact the undersigned at (214) 749-2401.  The undersigned has been retained as legal counsel and is authorized to receive material disclosed pursuant to this request and further information.  A Power of Attorney duly executed by the Taxpayer commemorating such authorization is enclosed.

Please send your reply to this request to the undersigned at 901 Main Street, Suite 3700, Dallas, Texas 75202.

Yours very truly,

Stephen A. Beck

421226

Form **2848**
(Rev. March 2012)
Department of the Treasury
Internal Revenue Service

**Power of Attorney
and Declaration of Representative**

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name _____
Telephone _____
Function _____
Date ___/___/___

**Part I**    **Power of Attorney**
Caution: *A separate Form 2848 should be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1**   **Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address HWO Trust | Taxpayer identification number(s) |
|---|---|
| Robert J Marshall, M.D., C.C.N., Trustee<br>3500 Wadley Place, Building B<br>Austin, TX 78728 | Daytime telephone number      Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2**   **Representative(s)** must sign and date this form on page 2, Part II.

| Name and address Charles M. Meadows, Jr.<br>Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP<br>901 Main Street, Suite 3700<br>Dallas, Texas 75202<br>Check if to be sent notices and communications   ☒ | CAF No. 7800-48262R<br>PTIN P01352481<br>Telephone No. 214-744-3700<br>Fax No. 214-747-3732<br>Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |
|---|---|
| Name and address Stephen A. Beck<br>Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP<br>901 Main Street, Suite 3700<br>Dallas, Texas 75202<br>Check if to be sent notices and communications   ☒ | CAF No. 0303-66414R<br>PTIN P01347509<br>Telephone No. 214-744-3700<br>Fax No. 214-747-3732<br>Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |
| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____<br>Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service for the following matters:

**3**   **Matters**

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower,<br>Practitioner Discipline, PLR, FOIA, Civil Penalty, etc.) (see instructions for line 3) | Tax Form Number<br>(1040, 941, 720, etc.) (If applicable) | Year(s) or Period(s) (if applicable)<br>(see instructions for line 3) |
|---|---|---|
| Income Tax | 1041 | 1996-2012 |
| | | |
| | | |

**4**   **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Uses Not Recorded on CAF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5**   **Acts authorized.** Unless otherwise provided below, the representatives generally are authorized to receive and inspect confidential tax information and to perform any and all acts that I can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The representative(s), however, is (are) not authorized to receive or negotiate any amounts paid to the client in connection with this representation (including refunds by either electronic means or paper checks). Additionally, unless the appropriate box(es) below are checked, the representative(s) is (are) not authorized to execute a request for disclosure of tax returns or return information to a third party, substitute another representative or add additional representatives, or sign certain tax returns.

☐ Disclosure to third parties;    ☐ Substitute or add representative(s);    ☐ Signing a return; _____

☐ Other acts authorized: _____
_____ (see instructions for more information)

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Treasury Department Circular No. 230 (Circular 230). An enrolled retirement plan agent may only represent taxpayers to the extent provided in section 10.3(e) of Circular 230. A registered tax return preparer may only represent taxpayers to the extent provided in section 10.3(f) of Circular 230. See the line 5 instructions for restrictions on tax matters partners. In most cases, the student practitioner's (level k) authority is limited (for example, they may only practice under the supervision of another practitioner).

List any specific deletions to the acts otherwise authorized in this power of attorney: _____
_____
_____

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.      Form **2848** (Rev. 3-2012)

Form 2848 (Rev. 3-2012)                                                                                                        Page **2**

6    **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ........................................................................................ ☐
     **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

7    **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, the husband and wife must each file a separate power of attorney even if the same representative(s) is (are) being appointed. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED TO THE TAXPAYER.**

| Signature | 8/13/12 | Trustee |
|---|---|---|
|  | Date | Title (if applicable) |

| Robert J Marshall, Ph.D., C.C.N. |  |  |
|---|---|---|
| Print Name | PIN Number | Print name of taxpayer from line 1 if other than individual |

---

## Part II    Declaration of Representative

Under penalties of perjury, I declare that:

• I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
• I am aware of regulations contained in Circular 230 (31 CFR, Part 10), as amended, concerning practice before the Internal Revenue Service;
• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
• I am one of the following:

a   Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

b   Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c   Enrolled Agent—enrolled as an agent under the requirements of Circular 230.

d   Officer—a bona fide officer of the taxpayer's organization.

e   Full-Time Employee—a full-time employee of the taxpayer.

f   Family Member—a member of the taxpayer's immediate family (for example, spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

g   Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).

h   Unenrolled Return Preparer—Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.

l   Registered Tax Return Preparer—registered as a tax return preparer under the requirements of section 10.4 of Circular 230. Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. See Notice 2011-6 and Special rules for registered tax return preparers in the instructions.

k   Student Attorney or CPA—receives permission to practice before the IRS by virtue of his/her status as a law, business, or accounting student working in LITC or STCP under section 10.7(d) of Circular 230. See instructions for Part II for additional information and requirements.

r   Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN LINE 2 ABOVE. See the instructions for Part II.**

**Note:** For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column. See the instructions for Part II for more information.

| Designation—Insert above letter (a–r) | Licensing jurisdiction (state) or other licensing authority (if applicable) | Bar, license, certification registration, or enrollment number (if applicable). See instructions for Part II for more information. | Signature | Date |
|---|---|---|---|---|
| a & b | Texas | 13886700 | Charles M. Meadows, Jr. | 8-13-12 |
| a | Texas | 24006821 | Stephen A. Beck | 8/13/12 |

Form **2848** (Rev. 3-2012)



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

PRIVACY, GOVERNMENTAL
LIAISON AND DISCLOSURE

November 14, 2012

Meadows, Collier, Reed, Cousins, & Ungerman
Attn: Stephen Beck
901 Main St, Suite 3700
Dallas, TX 75202

Dear Stephen Beck:

I am responding to your Freedom of Information Act (FOIA) request dated August 14, 2012 that we received on August 17, 2012.

You asked for the Administrative File for tax years 1996 through 2012 pertaining to Robert J Marshall and HWO Trust.

Of the 4713 pages located in response to your request, I am enclosing 1473 pages. I am withholding 166 pages in part and 3074 pages in full for the following reasons:

The withheld portions are the tax information of other taxpayers. FOIA exemption (b)(3) requires us to withhold information that is specifically exempted from disclosure by another law. The law supporting this exemption is Internal Revenue Code section 6103(a).

FOIA exemption (b)(5) exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. There are three primary privileges covered by this exemption:

- The deliberative process privilege protects documents that reflect the pre-decisional opinions and deliberations that play a direct part in the process of making recommendations on legal or policy matters.

- The attorney work product privilege protects documents prepared by an attorney or other Service employee during litigation or in reasonable contemplation of litigation, and

- The attorney-client privilege protects confidential communications between an attorney and a client relating to a legal matter for which the client has sought professional advice.

**EXHIBIT**

tabbies

3

FOIA exemption (b)(7)(A) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that production of such records could interfere with enforcement proceedings.

Disclosure of this information is also exempt under FOIA subsection (b)(3) supported by Internal Revenue Code section IRC Section 6103(e)(7), because release would impair federal tax administration.

FOIA exemption (b)(7)(C) exempts from disclosure personal information in law enforcement records that if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

I removed information that is outside the scope of your power of attorney the enclosed documents.

The redacted portions of each page are marked by the applicable FOIA exemptions. This constitutes a partial denial of your request.  I have enclosed Notice 393 explaining your appeal rights.

I am providing your documents in electronic format. The enclosed CD contains your documents and is encrypted. The password to open the files is being mailed separately. At this time there is no charge for the enclosed records. If you determine you need me to provide a printed copy of the documents please call the Specialist at the phone number shown below. You will be charged $.20 per page after an allowance of 100 pages at no charge for printed documents.

If you have any questions please call Disclosure Specialist Cassandra E Knight-Paige ID # 1000699382, at 512-460-4433 or write to: Internal Revenue Service, Disclosure Scanning Operation – Stop 93A, PO Box 621506, Atlanta, GA 30362.  Please refer to case number F12234-0006 and F12234-0004.

Sincerely,

Stephanie K Young
Disclosure Manager
Disclosure Office 9

Enclosure
  Responsive Records
  Notice 393

## Information on an IRS Determination to Withhold Records Exempt From
## The Freedom of Information Act – 5 U.S.C. 552

### Appeal Rights

You may file an appeal with the Internal Revenue Service (IRS) within 35 days after we (1) deny you access to a record in whole or in part; (2) have made an adverse determination as to your category as a requester; (3) deny your request for a fee waiver or reduction; or (4) have advised you that no records responsive to your request exist. You may file an appeal within 10 days when a request for expedited processing has been denied.

Your appeal **must** be in writing, must be signed by you, and must contain:

> Your name and address,
> Description of the requested records,
> Date of the request (and a copy, if possible),
> Identity of the office and contact on the response letter, and
> Date of the letter denying the request (and a copy, if possible)

Mail your appeal to:   **IRS Appeals**
Attention: FOIA Appeals
M/Stop 55202
5045 E. Butler Ave.
Fresno, California  93727-5136

### Judicial Review

If we deny your appeal, or do not address an issue raised in your appeal within 20 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal, you may file a complaint in United States District Court in the district in which (1) you reside; (2) your principal place of business is located; (3) the records are located; or (4) the District of Columbia. A complaint may be filed within 10 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal if your appeal is from an adverse determination of a request for expedited processing. If you choose to file suit before receipt of a final determination by the Appeals office, the administrative appeals process may cease.

The rule for effecting service of judicial process upon the Internal Revenue Service is set forth in Federal Rule of Civil Procedure 4(i). In addition to service upon the United States, as set forth in Rule 4(i)(1), service must be made upon the Internal Revenue Service by registered or certified mail as set forth in Rule 4(i)(2)(A).

The address of the Internal Revenue Service is: Internal Revenue Service, Attention CC:PA, 1111 Constitution Avenue, N.W., Washington, D.C. 20224.

### Exemptions

The Freedom of Information Act, 5 U.S.C. 552, does not apply to matters that are:

(b)(1) • specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified under such executive order,

(b)(2) • related solely to the internal personnel rules and practices of an agency,

(b)(3) • specifically exempted from disclosure by statute (other than section 552b of this title), provided that the statute:

> (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or

> (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

**Note:** Internal Revenue Code sections 6103 and 6105 are statutes which qualify for exemption 3 treatment. Section 6103 protects the confidentiality of tax returns and information pertaining to a taxpayer collected by the IRS. Section 6105 protects information obtained from a foreign country under a tax treaty.

(b)(4) • trade secrets and commercial or financial information obtained from a person and privileged or confidential,

(b)(5) • inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency,

(b)(6) • personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy,

(b)(7) • records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information:

    (A) could reasonably be expected to interfere with enforcement proceedings,

    (B) would deprive a person of a right to a fair trial or an impartial adjudication,

    (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy,

    (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source,

    (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or

    (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8) • contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions, or

(b)(9) • geological and geophysical information and data, including maps, concerning wells.

## MEADOWS, COLLIER, REED, COUSINS, CROUCH & UNGERMAN, L.L.P.

ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowscollier.com

STEPHEN A. BECK
Partner

FAX (214) 747-3732
WATS (800) 451-0093
DIRECT DIAL (214) 749-2401
DIRECT FAX (214) 292-2301
sbeck@meadowscollier.com

December 19, 2012

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7011 3500 0000 1672 7442**
IRS Commissioner
IRS Appeals
Attn: FOIA Appeals
6377A Riverside Avenue, Suite 110
Riverside, CA 92506-FOIA Appeal

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7011 3500 0000 1672 7459**
IRS Appeals
Attn: FOIA Appeals
M/Stop 55202
5045 E. Butler Ave.
Fresno, CA 93727-5136

Re:  **FOIA Appeal on behalf of Robert J. Marshall and HWO Trust;**
     **Case Nos. F12234-0006 and F12234-0004.**

Dear Sir or Madam:

On August 14, 2012, Freedom of Information Act Requests ("**FOIA Requests**," attached as Exhibit A) were sent to the IRS FOIA Request Disclosure Office 9, located in Austin, Texas, on behalf of the above-referenced taxpayers. The FOIA Requests included records of any investigations, examinations and/or any other information gathering activities carried out by IRS agents. The FOIA Requests also included all relevant files and their contents, IRS personnel notes and correspondence, witness interview forms and transcripts, and identities of persons contacted by the IRS relating to the aforementioned taxpayers.

In response, the IRS sent a letter dated November 14, 2012 (attached as Exhibit B). The letter indicates that the IRS reviewer located 4,713 pages responsive to



EXHIBIT
4

IRS Commissioner
IRS Appeals
Attn: FOIA Appeals
Page 2
December 19, 2012


the FOIA Requests.  Of these 4,713 pages, 3,075 were redacted in full, and 166 were redacted in part.

The IRS provided a copy of some of the responsive documents on a compact disk, which only contained 2,364 documents.  Most of those documents were redacted.  Of those documents that were not redacted, most were either:  (i) documents showing tax return information; or (ii) documents publicly available on the internet.

The taxpayers are entitled to all records requested by their FOIA Requests that are not specifically exempted or excluded from disclosure.  As a result of the large volume of redacted documents and the limited contents of the few documents that were produced, the taxpayers have serious concerns that they have not received all of the documents in the IRS's possession that are subject to disclosure.  In addition, the IRS did not provide a "Vaughn Index" as requested by the taxpayers, and the taxpayers therefore cannot assess whether the IRS properly applied the FOIA exemptions to withhold information from them.

As a result, the taxpayers hereby appeal the partial denial of the FOIA Requests and repeat their requests for production of the documents covered by the FOIA Requests, including all legal and administrative files relating to the above described taxpayers.

The taxpayers request that notification of the determination of this appeal be sent to the attention of the undersigned at the above address.

Sincerely,

Stephen A. Beck

425993
Enclosures
cc:    Robert J. Marshall, Ph.D, C.C.N.
       Charles M. Meadows

**EXHIBIT A**

**MEADOWS, COLLIER, REED, COUSINS, CROUCH & UNGERMAN, L.L.P.**
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowscollier.com

STEPHEN A. BECK
Partner

FAX (214) 747-3732
WATS (800) 451-0093
sbeck@meadowscollier.com

August 14, 2012

Internal Revenue Service                          *CMRRR#70113500000016734532*
Disclosure Scanning Operation - Stop 93A
Post Office Box 621506
Atlanta, Georgia 30362-3006

>    Re:    Freedom of Information Act Request – Tax Years 1996 – 2012
>           Dr. Robert J. Marshall, Ph.D, C.C.N.

Dear Sir or Madam:

Pursuant to the Freedom of Information Act, as amended (5 U.S.C. §552), and in conjunction with the Privacy Act (5 U.S.C. §552(a)), this letter serves as a formal request on behalf of Dr. Robert J. Marshall (the "Taxpayer"), for access to and reproduction of all documents referring to or referencing the Taxpayer for tax years 1996 through 2012.

Topically, this request includes, *but is not limited to*, tax returns, return information, records of any investigations, examinations and/or any other information-gathering activities carried out by agents of the Internal Revenue Service concerning the Taxpayer.  Substantively, this request includes, *but is not limited to*, the following:

1.    Any statements, correspondence, reports, letters, notices, or documents of whatever kind comprising "Returns" and "Return Information" (as defined by § 6103 of the Internal Revenue Code) on the Taxpayer for the taxable years ended 1996 through 2012.

2.    All relevant files and their contents.

3.    Any relevant revenue agents', revenue officers', or other IRS personnel's reports, notes, or correspondences.

4.    Any relevant witness interview forms and transcripts of witness interviews.

5.    The identities of the persons contacted by the Internal Revenue Service relating to the Taxpayer.

Internal Revenue Service
Disclosure Scanning Operation - Stop 93A
August 14, 2012
Page 2

6.     Any requests made to third parties for information and/or documents concerning the Taxpayer and any relevant documents and information obtained from any third parties;

7.     Any other relevant statements, correspondences, reports, letters or documents of whatever kind.

If you determine that some portions of the requested materials are exempt, it is expected that you will nonetheless provide the remaining segregable nonexempt portions. Further, if all or any part of this request is denied, preparation of a "Vaughn Index" is requested, indexing each record or portion thereof encompassed by this request which is not being disclosed. Such index should contain a description of the document or document segment being withheld as well as a description of the statutory exception relied on as a basis for that action and an explanatory statement concerning the applicability of said exception. The right to appeal any decision to withhold information is expressly reserved, and it is expected that you will list the address and office where such appeal can be sent.

The law firm of Meadows, Collier, et. al. agrees to pay all reasonable costs. If, however, such costs exceed $500, please provide us with an estimate of the fees to be charged and the opportunity to review the records to select those that are necessary to copy.

As provided by the Freedom of Information Act, a reply to this request is expected within twenty (20) working days. If further information is necessary to process this request, please contact the undersigned at (214) 749-2401. The undersigned has been retained as legal counsel and is authorized to receive material disclosed pursuant to this request and further information. A Power of Attorney duly executed by the Taxpayer commemorating such authorization is enclosed.

Please send your reply to this request to the undersigned at 901 Main Street, Suite 3700, Dallas, Texas 75202.

Yours very truly,

Stephen A. Beck

421224

| Form **2848** | **Power of Attorney** | OMB No. 1545-0150 |
|---|---|---|
| (Rev. March 2012) | **and Declaration of Representative** | |
| Department of the Treasury Internal Revenue Service | ▷ Type or print.  ▷ See the separate Instructions. | For IRS Use Only |

| | | Received by: |
|---|---|---|
| **Part I** | **Power of Attorney** | Name _____ |
| | **Caution:** *A separate Form 2848 should be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.* | Telephone _____ Function _____ Date / / |

**1    Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| Robert J Marshall, Ph.D., C.C.N. 3328 Vintage Dr. Round Rock, TX 78664 | |
| | Daytime telephone number      Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2    Representative(s)** must sign and date this form on page 2, Part II.

| Name and address Charles M. Meadows, Jr. Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP 901 Main Street, Suite 3700 Dallas, Texas 75202 | CAF No. 7600-48262R PTIN P01352481 Telephone No. 214-744-3700 Fax No. 214-747-3732 |
|---|---|
| Check if to be sent notices and communications    [x] | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address Stephen A. Beck Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP 901 Main Street, Suite 3700 Dallas, Texas 75202 | CAF No. 0303-66414R PTIN P01347509 Telephone No. 214-744-3700 Fax No. 214-747-3732 |
| Check if to be sent notices and communications    [x] | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address | CAF No. _____ PTIN _____ Telephone No. _____ Fax No. _____ |
| | Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service for the following matters:

**3    Matters**

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, etc.) (see instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions for line 3) |
|---|---|---|
| Income Tax | 1040 | 1996-2012 |
| | | |
| | | |

**4    Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Uses Not Recorded on CAF  ...................................................... ▷ ☐

**5    Acts authorized.** Unless otherwise provided below, the representatives generally are authorized to receive and inspect confidential tax information and to perform any and all acts that I can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The representative(s), however, is (are) not authorized to receive or negotiate any amounts paid to the client in connection with this representation (including refunds by either electronic means or paper checks). Additionally, unless the appropriate box(es) below are checked, the representative(s) is (are) not authorized to execute a request for disclosure of tax returns or return information to a third party, substitute another representative or add additional representatives, or sign certain tax returns.

☐ Disclosure to third parties;     ☐ Substitute or add representative(s);     ☐ Signing a return; _____

☐ Other acts authorized: _____

_____ (see instructions for more information)

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Treasury Department Circular No. 230 (Circular 230). An enrolled retirement plan agent may only represent taxpayers to the extent provided in section 10.3(e) of Circular 230. A registered tax return preparer may only represent taxpayers to the extent provided in section 10.3(f) of Circular 230. See the line 5 instructions for restrictions on tax matters partners. In most cases, the student practitioner's (level k) authority is limited (for example, they may only practice under the supervision of another practitioner).

List any specific deletions to the acts otherwise authorized in this power of attorney:

_____

_____

ISA  For Privacy Act and Paperwork Reduction Act Notice, see the instructions.    Form **2848** (Rev. 3-2012)

Form 2848 (Rev. 3-2012)                                                                                    Page **2**

6    Retention/revocation of prior power(s) of attorney. The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▷ ☐
YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

7    Signature of taxpayer. If a tax matter concerns a year in which a joint return was filed, the husband and wife must each file a separate power of attorney even if the same representative(s) is (are) being appointed. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▷ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED TO THE TAXPAYER.

| Signature | Date | Title (if applicable) |
|---|---|---|
| *[signature]* | 8/13/12 | |

Robert J Marshall, Ph.D., C.C.N.

| Print Name | PIN Number | Print name of taxpayer from line 1 if other than individual |
|---|---|---|

**Part II**    Declaration of Representative .

Under penalties of perjury, I declare that:

• I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
• I am aware of regulations contained in Circular 230 (31 CFR, Part 10), as amended, concerning practice before the Internal Revenue Service;
• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
• I am one of the following:

a   Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

b   Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c   Enrolled Agent—enrolled as an agent under the requirements of Circular 230.

d   Officer—a bona fide officer of the taxpayer's organization.

e   Full-Time Employee—a full-time employee of the taxpayer.

f   Family Member—a member of the taxpayer's immediate family (for example, spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

g   Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).

h   Unenrolled Return Preparer—Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.

i   Registered Tax Return Preparer—registered as a tax return preparer under the requirements of section 10.4 of Circular 230. Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.

k   Student Attorney or CPA—receives permission to practice before the IRS by virtue of his/her status as a law, business, or accounting student working in LITC or STCP under section 10.7(d) of Circular 230. See instructions for Part II for additional information and requirements.

r   Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▷ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN LINE 2 ABOVE. See the instructions for Part II.

Note: For designations d-r, enter your title, position, or relationship to the taxpayer in the "Licensing Jurisdiction" column. See the instructions for Part II for more information.

| Designation—insert above letter (a-r) | Licensing jurisdiction (state) or other licensing authority (if applicable) | Bar, license, certification registration, or enrollment number (if applicable). See instructions for Part II for more information. | Signature | Date |
|---|---|---|---|---|
| a & b | Texas | 13886700 | *[signature]* Charles M. Meadows, Jr. | 8/14/12 |
| a | Texas | 24006821 | *[signature]* Stephen A. Beck | 8/14/12 |

Form **2848** (Rev. 3-2012)

# MEADOWS, COLLIER, REED, COUSINS, CROUCH & UNGERMAN, L.L.P.

ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowscollier.com

**STEPHEN A. BECK**
Partner

FAX (214) 747-3732
WATS (800) 451-0093
sbeck@meadowscollier.com

August 14, 2012

Internal Revenue Service
Disclosure Scanning Operation - Stop 93A
Post Office Box 621506
Atlanta, Georgia 30362-3006

*CMRRR#70113500000016734761*

Re:   Freedom of Information Act Request – Tax Years 1996 – 2012
      HWO Trust

Dear Sir or Madam:

Pursuant to the Freedom of Information Act, as amended (5 U.S.C. §552), and in conjunction with the Privacy Act (5 U.S.C. §552(a)), this letter serves as a formal request on behalf of the HWO Trust (the "Taxpayer"), for access to and reproduction of all documents referring to or referencing the Taxpayer for tax years 1996 through 2012.

Topically, this request includes, *but is not limited to*, tax returns, return information, records of any investigations, examinations and/or any other information-gathering activities carried out by agents of the Internal Revenue Service concerning the Taxpayer. Substantively, this request includes, *but is not limited to*, the following:

1.   Any statements, correspondence, reports, letters, notices, or documents of whatever kind comprising "Returns" and "Return Information" (as defined by § 6103 of the Internal Revenue Code) on the Taxpayer for the taxable years ended 1996 through 2012.

2.   All relevant files and their contents.

3.   Any relevant revenue agents', revenue officers', or other IRS personnel's reports, notes, or correspondences.

4.   Any relevant witness interview forms and transcripts of witness interviews.

5.   The identities of the persons contacted by the Internal Revenue Service relating to the Taxpayer.

Internal Revenue Service
Disclosure Scanning Operation - Stop 93A
August 14, 2012
Page 2

6.      Any requests made to third parties for information and/or documents concerning the Taxpayer and any relevant documents and information obtained from any third parties;

7.      Any other relevant statements, correspondences, reports, letters or documents of whatever kind.

If you determine that some portions of the requested materials are exempt, it is expected that you will nonetheless provide the remaining segregable nonexempt portions. Further, if all or any part of this request is denied, preparation of a "Vaughn Index" is requested, indexing each record or portion thereof encompassed by this request which is not being disclosed. Such index should contain a description of the document or document segment being withheld as well as a description of the statutory exception relied on as a basis for that action and an explanatory statement concerning the applicability of said exception. The right to appeal any decision to withhold information is expressly reserved, and it is expected that you will list the address and office where such appeal can be sent.

The law firm of Meadows, Collier, et. al. agrees to pay all reasonable costs. If, however, such costs exceed $500, please provide us with an estimate of the fees to be charged and the opportunity to review the records to select those that are necessary to copy.

As provided by the Freedom of Information Act, a reply to this request is expected within twenty (20) working days. If further information is necessary to process this request, please contact the undersigned at (214) 749-2401. The undersigned has been retained as legal counsel and is authorized to receive material disclosed pursuant to this request and further information. A Power of Attorney duly executed by the Taxpayer commemorating such authorization is enclosed.

Please send your reply to this request to the undersigned at 901 Main Street, Suite 3700, Dallas, Texas 75202.

Yours very truly,

Stephen A. Beck

421226

Form **2848**
(Rev. March 2012)
Department of the Treasury
Internal Revenue Service

# Power of Attorney
# and Declaration of Representative

▷ Type or print.   ▷ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only

Received by:

Name _____
Telephone _____
Function _____
Date ___/___/___

| Part I | Power of Attorney |
|---|---|

**Caution:** *A separate Form 2848 should be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1   Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

Taxpayer name and address HWO   Trust
Robert J Marshall, Ph.D., C.C.N., Trustee
3500 Wadley Place, Building B
Austin, TX 78728

Taxpayer identification number(s)

Daytime telephone number | Plan number (if applicable)

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2   Representative(s)** must sign and date this form on page 2, Part II.

Name and address Charles M. Meadows, Jr.
Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP
901 Main Street, Suite 3700
Dallas, Texas 75202
Check if to be sent notices and communications    [X]

CAF No. 7800-48262R
PTIN P01352481
Telephone No. 214-744-3700
Fax No. 214-747-3732
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address Stephen A. Beck
Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP
901 Main Street, Suite 3700
Dallas, Texas 75202
Check if to be sent notices and communications    [X]

CAF No. 0303-66414R
PTIN P01347509
Telephone No. 214-744-3700
Fax No. 214-747-3732
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

CAF No. _____
PTIN _____
Telephone No. _____
Fax No. _____
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

to represent the taxpayer before the Internal Revenue Service for the following matters:

**3   Matters**

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, etc.) (see instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions for line 3) |
|---|---|---|
| Income Tax | 1041 | 1996-2012 |
| | | |
| | | |

**4   Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Uses Not Recorded on CAF ..................................... ▷ ☐

**5   Acts authorized.** Unless otherwise provided below, the representatives generally are authorized to receive and inspect confidential tax information and to perform any and all acts that I can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The representative(s), however, is (are) not authorized to receive or negotiate any amounts paid to the client in connection with this representation (including refunds by either electronic means or paper checks). Additionally, unless the appropriate box(es) below are checked, the representative(s) is (are) not authorized to execute a request for disclosure of tax returns or return information to a third party, substitute another representative or add additional representatives, or sign certain tax returns.

☐ Disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Signing a return; _____

☐ Other acts authorized: _____

_____ (see instructions for more information)

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Treasury Department Circular No. 230 (Circular 230). An enrolled retirement plan agent may only represent taxpayers to the extent provided in section 10.3(e) of Circular 230. A registered tax return preparer may only represent taxpayers to the extent provided in section 10.3(f) of Circular 230. See the line 5 instructions for restrictions on tax matters partners. In most cases, the student practitioner's (level k) authority is limited (for example, they may only practice under the supervision of another practitioner).

List any specific deletions to the acts otherwise authorized in this power of attorney: _____
_____
_____

IRA   For Privacy Act and Paperwork Reduction Act Notice, see the instructions.    Form **2848** (Rev. 3-2012)

Form 2848 (Rev. 3-2012)                                                                                                   Page **2**

**6**   Retention/revocation of prior power(s) of attorney. The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▷ ☐
   YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

**7**   Signature of taxpayer. If a tax matter concerns a year in which a joint return was filed, the husband and wife must each file a separate power of attorney even if the same representative(s) is (are) being appointed. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▷ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED TO THE TAXPAYER.

| _Signature_ | 8/13/12 _Date_ | Trustee _Title (if applicable)_ |

Robert J Marshall, Ph.D., C.C.N.

| Print Name | PIN Number | Print name of taxpayer from line 1 if other than individual |

---

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

• I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
• I am aware of regulations contained in Circular 230 (31 CFR, Part 10), as amended, concerning practice before the Internal Revenue Service;
• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
• I am one of the following:

   **a**   Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
   **b**   Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
   **c**   Enrolled Agent—enrolled as an agent under the requirements of Circular 230.
   **d**   Officer—a bona fide officer of the taxpayer's organization.
   **e**   Full-Time Employee—a full-time employee of the taxpayer.
   **f**   Family Member—a member of the taxpayer's immediate family (for example, spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).
   **g**   Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).
   **h**   Unenrolled Return Preparer—Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.
   **i**   Registered Tax Return Preparer—registered as a tax return preparer under the requirements of section 10.4 of Circular 230. Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have signed the return. See Notice 2011-6 and Special rules for registered tax return preparers and unenrolled return preparers in the instructions.
   **k**   Student Attorney or CPA—receives permission to practice before the IRS by virtue of his/her status as a law, business, or accounting student working in LITC or STCP under section 10.7(d) of Circular 230. See instructions for Part II for additional information and requirements.
   **r**   Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

   ▷ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN LINE 2 ABOVE. See the instructions for Part II.

Note: For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column. See the instructions for Part II for more information.

| Designation—Insert above letter (a–r) | Licensing jurisdiction (state) or other licensing authority (if applicable) | Bar, license, certification registration, or enrollment number (if applicable). See instructions for Part II for more information. | Signature | Date |
|---|---|---|---|---|
| a & b | Texas | 13886700 | Charles M. Meadows, Jr. | 8-13-12 |
| a | Texas | 24006821 | Stephen A. Beck | 8/13/12 |

Form 2848 (Rev. 3-2012)

**EXHIBIT B**



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, DC 20224**

PRIVACY, GOVERNMENTAL
LIAISON AND DISCLOSURE

November 14, 2012

Meadows, Collier, Reed, Cousins, & Ungerman
Attn: Stephen Beck
901 Main St, Suite 3700
Dallas, TX 75202

Dear Stephen Beck:

I am responding to your Freedom of Information Act (FOIA) request dated August 14, 2012 that we received on August 17, 2012.

You asked for the Administrative File for tax years 1996 through 2012 pertaining to Robert J Marshall and HWO Trust.

Of the 4713 pages located in response to your request, I am enclosing 1473 pages. I am withholding 166 pages in part and 3074 pages in full for the following reasons:

The withheld portions are the tax information of other taxpayers. FOIA exemption (b)(3) requires us to withhold information that is specifically exempted from disclosure by another law. The law supporting this exemption is Internal Revenue Code section 6103(a).

FOIA exemption (b)(5) exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. There are three primary privileges covered by this exemption:

- The deliberative process privilege protects documents that reflect the pre-decisional opinions and deliberations that play a direct part in the process of making recommendations on legal or policy matters.

- The attorney work product privilege protects documents prepared by an attorney or other Service employee during litigation or in reasonable contemplation of litigation, and

- The attorney-client privilege protects confidential communications between an attorney and a client relating to a legal matter for which the client has sought professional advice.

FOIA exemption (b)(7)(A) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that production of such records could interfere with enforcement proceedings.

Disclosure of this information is also exempt under FOIA subsection (b)(3) supported by Internal Revenue Code section IRC Section 6103(e)(7), because release would impair federal tax administration.

FOIA exemption (b)(7)(C) exempts from disclosure personal information in law enforcement records that if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

I removed information that is outside the scope of your power of attorney the enclosed documents.

The redacted portions of each page are marked by the applicable FOIA exemptions. This constitutes a partial denial of your request.  I have enclosed Notice 393 explaining your appeal rights.

I am providing your documents in electronic format. The enclosed CD contains your documents and is encrypted. The password to open the files is being mailed separately. At this time there is no charge for the enclosed records. If you determine you need me to provide a printed copy of the documents please call the Specialist at the phone number shown below. You will be charged $.20 per page after an allowance of 100 pages at no charge for printed documents.

If you have any questions please call Disclosure Specialist Cassandra E Knight-Paige ID # 1000699382, at 512-460-4433 or write to: Internal Revenue Service, Disclosure Scanning Operation – Stop 93A, PO Box 621506, Atlanta, GA 30362.  Please refer to case number F12234-0006 and F12234-0004.

Sincerely,

Stephanie K Young
Disclosure Manager
Disclosure Office 9

Enclosure
  Responsive Records
  Notice 393

## Information on an IRS Determination to Withhold Records Exempt From The Freedom of Information Act – 5 U.S.C. 552

### Appeal Rights

You may file an appeal with the Internal Revenue Service (IRS) within 35 days after we (1) deny you access to a record in whole or in part; (2) have made an adverse determination as to your category as a requester; (3) deny your request for a fee waiver or reduction; or (4) have advised you that no records responsive to your request exist. You may file an appeal within 10 days when a request for expedited processing has been denied.

Your appeal **must** be in writing, must be signed by you, and must contain:

> Your name and address,
> Description of the requested records,
> Date of the request (and a copy, if possible),
> Identity of the office and contact on the response letter, and
> Date of the letter denying the request (and a copy, if possible)

Mail your appeal to:   **IRS Appeals**
Attention: FOIA Appeals
M/Stop 55202
5045 E. Butler Ave.
Fresno, California  93727-5136

### Judicial Review

If we deny your appeal, or do not address an issue raised in your appeal within 20 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal, you may file a complaint in United States District Court in the district in which (1) you reside; (2) your principal place of business is located; (3) the records are located; or (4) the District of Columbia. A complaint may be filed within 10 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal if your appeal is from an adverse determination of a request for expedited processing. If you choose to file suit before receipt of a final determination by the Appeals office, the administrative appeals process may cease.

The rule for effecting service of judicial process upon the Internal Revenue Service is set forth in Federal Rule of Civil Procedure 4(i). In addition to service upon the United States, as set forth in Rule 4(i)(1), service must be made upon the Internal Revenue Service by registered or certified mail as set forth in Rule 4(i)(2)(A).

The address of the Internal Revenue Service is: Internal Revenue Service, Attention CC:PA, 1111 Constitution Avenue, N.W., Washington, D.C. 20224.

### Exemptions

The Freedom of Information Act, 5 U.S.C. 552, does not apply to matters that are:

(b)(1) • specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified under such executive order,

(b)(2) • related solely to the internal personnel rules and practices of an agency,

(b)(3) • specifically exempted from disclosure by statute (other than section 552b of this title), provided that the statute:

(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or

(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

**Note:** Internal Revenue Code sections 6103 and 6105 are statutes which qualify for exemption 3 treatment. Section 6103 protects the confidentiality of tax returns and information pertaining to a taxpayer collected by the IRS. Section 6105 protects information obtained from a foreign country under a tax treaty.

(b)(4) • trade secrets and commercial or financial information obtained from a person and privileged or confidential,

(b)(5) • inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency,

(b)(6) • personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy,

(b)(7) • records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information:

(A) could reasonably be expected to interfere with enforcement proceedings,

(B) would deprive a person of a right to a fair trial or an impartial adjudication,

(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy,

(D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source,

(E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or

(F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8) • contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions, or

(b)(9) • geological and geophysical information and data, including maps, concerning wells.

**Internal Revenue Service**
Appeals Office M/S 55203
5045 E Butler Ave
Fresno, CA 93727-5136

**Department of the Treasury**

**Person to Contact:**
  Diane Ambriz
  Employee ID
Number: 1000157666
  Tel:  (559) 253-4840
  Fax:  (559)-253-4880
**Refer Reply to:**
  AP:CO:FRC:DMA
**In Re:**
  Freedom of Information Act
**Disclosure Case Number(s):**
  F12234-0006 and F12234-0004
**Tax Period(s) Ended:**
  1996-2012

Date:  JAN 1 8 2013

STEPHEN A. BECK
(ROBERT J. MARSHALL)
901 MAIN ST., STE 3700
DALLAS, TX 75202

Dear Mr. Beck:

This letter is in response to your appeals request dated 12/19/2012 for Freedom of Information Act (FOIA) information.  According to your letter you are appealing the response of 11/14/2012 from the Disclosure Office of your request for information dated 08/14/2012.

You requested copies of all documents referring to or referencing the taxpayer, Dr. Robert J. Marshall and HWO Trust for tax years 1996 through 2012.

The Austin Disclosure Office located 4,713 pages in response to your request and they released 1,473 pages, withheld 3,074 in full and 166 pages in part. They notated the applicable FOIA exemption on the partially redacted documents and referenced the applicable FOIA exemption for the documents withheld in full in their response dated 11/14/2012.

The Disclosure Specialist stated that they withheld documentation under FOIA exemptions (b)(3).  The Disclosure Specialist stated that the FOIA requires them to withhold information that is specifically exempted from disclosure by another law.  The withheld portions are the tax information of other taxpayers.  The law supporting the exemption is IRC §6103(a).

The Disclosure Specialist stated that the FOIA exemption (b)(7)(A) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that production of such records could interfere with enforcement proceedings.

The Disclosure Specialist stated that the information is also exempt under the FOIA subsection (b)(3) supported by IRC §6103(e)(7), because release would impair federal tax administration.



**EXHIBIT**

tabbies®

5

The Disclosure Specialist stated that the FOIA exemption (b)(5) exempts from disclosure inter-agency or intra-agency memos or letters which would not be available by law to a party other than an agency in litigation with the agency. The primary privileges covered by the exemption is deliberative process which reflect the pre-decisional opinions and deliberation that play a direct part in the process of making recommendations on legal or policy matters, attorney work product privilege which protects documents prepared by an attorney or other service employee during litigation or in reasonable contemplation of litigations and the attorney-client privilege protects confidential communications between and attorney and a client relating to a legal matter for which the client has sought professional advice.

Your appeal states the taxpayers are entitled to all records requested by their FOIA requests that are not specifically exempted or excluded from disclosure. As a result of the large volume of redacted documents and the limited contents of the few documents that were produced, the taxpayers have serious concerns that they have not received all of the documents in the IRS's possession that are subject to disclosure. You stated the IRS did not provide a Vaughn Index as requested and therefore the taxpayers cannot assess whether the IRS properly applied FOIA exemptions to withhold information from them.

As for a Vaughn index, it is well settled that a requester is not entitled to receive a Vaughn index during the administrative process as the courts do not require the submission of such an index prior to the time when a dispositive motion is filed. See, e.g., Edmond v. U.S. Attorney, 959 F. Supp. 1, 5 (D.D.C. 1997) (rejecting, as premature, request for Vaughn Index when agency had not processed plaintiff's request), Tannehill v. Dept. of the Air Force, No. 87-1335, slip op. at 1 (D.D.C. Aug. 20, 1987) (noting that standard practice is to await filing of agency's dispositive motion before deciding whether additional indexes will be necessary); Miscavige, 2 F.3d at 369 ("The plaintiff's early attempt in litigation of this kind to obtain a Vaughn Index…is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions."). Therefore, any effort to compel an agency to prepare a Vaughn Index prior to the filing of the agency's dispositive motion is typically denied as premature.

We have reviewed the response of the Disclosure Specialist, the Disclosure database, as well as the documents withheld and have determined that the response was appropriate. The Appeals office responsibility concerning the appeal of FOIA cases is limited to a de novo review to ensure the documents withheld or redacted for the specific requester and documents requested fall within the FOIA exemption(s) cited. We address the adequacy of the search and the appropriateness of the redactions and the exemptions cited. Our sole responsibility is to determine if the documents were properly withheld under the FOIA.

3

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and the Office of Disclosure as a non-exclusive alternative to litigation. The Office of Appeals is not a part of this mediation process. Using OGIS services does not affect your right to pursue litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you disagree with the Appeals determination and wish to pursue mediation, you may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> Room 2510
> 8601 Adelphi Road
> College Park, MD 20740-6001
> Email: ogis@nara.gov
> Telephone: 301-837-1996
> Facsimile: 301-837-0348
> Toll-free: 1-877-684-6448

The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the District in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely,

Thomas Mitchell
Appeals Team Manager